## MARY OVERBY *v.* SILVESTER OVERBY.

**Apprenticing Children—Age—Judgment.**
>    It is an essential part of every judgment, ordering the apprenticing
> of a child, to ascertain and fix its age.

### APPEAL FROM BALLARD CIRCUIT COURT.

February 11, 1866

OPINION OF THE COURT BY JUDGE WILLIAMS:

The appellee was the former owner of appellant and her two
sons, Jo and Reeves, and upon his motion a summons was issued
against the mother to show cause why the boys should not be bound
as apprentices, she appeared and contested the cause, and various
witnesses were examined as to her qualifications to rear them "in
moral courses" as well as to appellee's qualifications to do so, and
there was a contrariety of evidence as to both.  The court how-
ever ordered that the clerk "do bind out, to said Silvester Overby,
said colored boys, Joseph and Reeves Overbey, until each of
arrives at the age of 21 years, to learn the art and mystery of
farming," and the mother prosecutes an appeal.

By Sec. 4, Art. 1, chap. 64, Rev. Statutes, 2 Stant., 137, it is
provided that, "the term of every appenticeship shall be until the
minor attains the age of twenty-one years, if a boy, or eighteen
years if a girl."

In order therefore that the apprentice shall not be compelled
to serve longer than the period so fixed, it is an essential part of
every judgment ordering the apprenticing of a child to ascertain
and fix its age, and not leave this to the discretion of the clerk.
By ascertaining the age the record will admonish the clerk what
period of time the apprentice will have to serve, and to so fix
the covenant and to be record evidence to it when the apprentice-
ship expires.

We have reversed the judgment, at the present sitting, in Jones
v. Jones, because the court fixed the age of the apprentice younger
than the evidence justified and thus did injustice to it.

For this error the judgment must be reversed, and as on the

next trial the evidence may be materially different, we will express no opinion as to other points.

Judgement reversed.

*J. D. White,* for appellant.

*James,* for appellee.